Citation Nr: 1546190 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 12-20 148 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Honolulu, Hawaii


THE ISSUE

Entitlement to service connection for cancer of the left breast.


REPRESENTATION

Veteran represented by: Hawaii Office of Veterans Services


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

V. Chiappetta, Counsel


INTRODUCTION

The Veteran served on active duty from January 1990 to January 2000, and from September 2007 to November 2008.

This matter is before the Board of Veterans' Appeals (the Board) on appeal from a September 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Honolulu, Hawaii. 

The Veteran testified before a Veterans Law Judge (VLJ) in June 2013. Unfortunately, due to technical issues, a complete transcript of the June 2013 hearing could not be generated. The Veteran was offered a new hearing, which took place before the undersigned in September 2015. A transcript of this September 2015 hearing is of record. 

Board members (VLJs) who conduct hearings must participate in making the final determination of the claim involved. 38 U.S.C.A. § 7107(c) (West 2014); 38 C.F.R. § 20.707 (2013). Where two VLJs hold hearings on the same issue or issues, a three-judge panel is assigned, and the Veteran must be afforded an opportunity for a third hearing before the third VLJ who will ultimately decide the appeal. Arneson v. Shinseki, 24 Vet. App. 379 (2011).

In this case however, the September 2015 hearing before the undersigned VLJ was held specifically because the original hearing was not recorded correctly due to equipment failure. Where a second hearing is held because the original hearing was not recorded in whole or in part due to equipment failure or other cause, or the official transcript of the original hearing is lost or destroyed and the recording upon which it was based is no longer available, a panel hearing is not necessary and Arneson is not implicated. See 38 C.F.R. § 20.717 (2015); see also Chairman's Memorandum 01-11-10. Instead, the original hearing is treated as if it did not exist, and only the VLJ who presided over the second hearing will decide the claim. So it is in this case.

The Veteran has submitted medical evidence to VA since the RO last adjudicated her appeal in a July 2012 Statement of the Case. The Veteran waived her right to have such evidence considered by the Agency of Original Jurisdiction (AOJ) in the first instance in correspondence dated September 21, 2015. 


FINDING OF FACT

The Veteran's cancer of the left breast is shown to have had its onset during her period of active service from September 2007 to November 2008.


CONCLUSION OF LAW

Cancer of the left breast is due to disease or injury that was incurred in active service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

The law provides that VA shall make reasonable efforts to notify a claimant of the evidence necessary to substantiate a claim and requires the VA to assist a claimant in obtaining that evidence. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015). To the extent that there may be any deficiency of notice or assistance with respect to the Veteran's breast cancer claim, there is no prejudice to the Veteran in proceeding with adjudication given the favorable nature of the Board's decision.

Analysis

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009).

Service connection may also be granted for any disease diagnosed after discharge when all of the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2015). 

The Veteran in this case asserts that although left breast cancer was first diagnosed in June 2010 after completing her last period of active service, a mass developed in her left breast during service that marked the onset of her cancer disability.

It is undisputed that the Veteran was diagnosed with cancer of the left breast in June 2010. A biopsy taken from the upper outer quadrant of her left breast in May 2010 demonstrated the presence of intracystic papillary carcinoma. See the Veteran's June 8, 2010 biopsy notes. She subsequently underwent both a lumpectomy to remove her tumor, and twenty-one treatments of radiation therapy. According to a September 2010 VA examiner, the Veteran experienced severe fatigue during her radiation treatments and was unable to work; she also experienced joint pain and weight gain as side effects of her medication. 

The record includes prior mammogram reports dating in September 2007, September 2008, October 2008 and May 2009. 

The September 2007 mammogram report, which pre-dates her second period of active service, contained negative results, indicating that the Veteran had no mammographic lesion suspicious for malignancy. Subsequently however, during her period of active service in September 2008, the Veteran appeared for another mammogram, at which time a mass measuring 1 cm in the upper outer quadrant of the left breast was identified. The Veteran reported for a follow-up mammogram and ultrasound in October 2008, at which time the mass was again identified, but suspected to be a "benign appearing" lymph node. No biopsy was taken. 
Following active service, a mammogram dated in May 2009 at the Naval Health Clinic again revealed the mass located in the upper outer quadrant of her left breast. The mass had decreased in size since her prior evaluation, and no suspicious features were identified. As in 2008, no biopsies were ordered. 

As noted above, the Veteran appeared for another mammogram in May 2010, and according to her testimony, she insisted at that time that a biopsy be taken of the mass identified in the upper outer quadrant of her left breast. The biopsy came back positive for malignancy, and her cancer treatment began immediately. A tumor of 0.6 cm was removed. 

The Veteran has submitted a December 2010 letter from Dr. J.L.L. indicating that a palpable mass of the left breast was pathologically confirmed to be invasive carcinoma. Dr. J.L.L. pertinently stated that it is "extremely likely that this mass noted in 2008 was in fact breast cancer." 

The Board finds no reason to call into question the Veteran's own competent observations that the left breast mass identified for the first time while performing active service in September 2008 is the same mass biopsied for the first time after service in May 2010. Indeed, the medical evidence of record makes no suggestion that a different mass of the left breast developed since service. Review of the above-referenced mammogram reports show that a mass in the upper outer quadrant of her left breast 1 cm in size was identified in September 2008; the same mass in the upper outer quadrant of her left breast was identified in May 2009, but was noted to be smaller; and a malignant tumor 0.6 cm in size was identified and removed from the upper outer quadrant of her left breast following her May 2010 biopsy. The positive opinion of Dr. J.L.L. is the only medical opinion of record addressing the key question at issue in this case-namely, whether the Veteran's cancer of the left breast had in-service onset. Based on the Veteran's competent and credible testimony, the consistent location of the mass as identified on mammogram reports, and the uncontroverted medical opinion of Dr. J.L.L. that it is "extremely likely" the mass identified in 2008 was breast cancer, the Board finds that the evidence favors a finding of in-service incurrence of left breast cancer. The benefit sought on appeal is granted.
ORDER

Service connection for cancer of the left breast is granted. 



____________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs